*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
June 27, 2024

*In re* JWJ.

No. 368937
Kent Probate Court
LC No. 20-929036-MI

Before: RICK, P.J., and JANSEN and LETICA, JJ.

PER CURIAM.

Respondent appeals as of right the probate court's order for mental health treatment. On appeal, he argues that the probate court abused its discretion by denying his request to adjourn the hearing held on the petition for mental health treatment. We affirm.

## I. FACTUAL BACKGROUND

This case stems from the court-ordered mental health treatment of respondent, a military veteran, as a result of a petition for treatment filed in November 2023. The petition that is the subject of this appeal was the fourth petition filed in the probate court over the course of three years. In relation to each petition, the probate court found, by clear and convincing evidence, that respondent required treatment and ordered that he receive combined hospitalization and assisted outpatient treatment to address his mental health concerns, which included diagnoses of bipolar disorder; mania; schizoaffective disorder, bipolar type; and psychosis. Each petition also noted that respondent suffered from anxiety, paranoia, and mania. The petitions also noted that he believed that the government and the military conspired to convince those assisting with his treatment that he is mentally ill. The November 2023 petition for mental health treatment indicated that respondent suffered from schizoaffective disorder, bipolar type, and continued to present with paranoia and delusions about the government and the military.

At a hearing on the petition, respondent requested an adjournment, explaining that he had requested records from his military file pertinent to the probate court's ability to rule on the petition. Respondent's counsel estimated that it would take approximately three weeks for the records to arrive. Respondent testified that the records would demonstrate that the government and the military had no honor and tried to doctor his evidence. Respondent also testified that "the

-1-

government is evil," and that the military was liable for his injuries, which he believed proved that he was not actually suffering from bipolar disorder. In response, the probate court noted that under MCL 330.1462(1), continuances for any reasonable time should be granted for good cause. However, the court determined that respondent's request was not made for good cause and elected to deny it. At the conclusion of the hearing, the probate court noted that it believed, given the testimony provided by respondent and a psychiatrist who evaluated respondent, that the requested records were not required to determine whether respondent required treatment. The probate court entered an order for respondent to receive combined hospitalization and assisted outpatient treatment. This appeal followed.

## II. ANALYSIS

Respondent argues that the probate court abused its discretion by denying his request for an adjournment. We disagree.

We review a probate court's "decision regarding a motion for an adjournment or continuance for an abuse of discretion." *Ypsilanti Charter Twp v Dahabra*, 338 Mich App 287, 292; 979 NW2d 725 (2021). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Id.*

The Mental Health Code, MCL 330.1001 *et seq.*, provides the framework for imposing involuntary mental health treatment. Relevant to this appeal, under MCL 330.1462(1), "[r]equests for continuances for any reasonable time shall be granted for good cause." The probate court has discretion to "grant an adjournment to promote the cause of justice." *Dahabra*, 338 Mich App at 292 (quotation marks and citation omitted). To demonstrate good cause for an adjournment, "a party must show a legally sufficient or substantial reason" for said adjournment. *Id.* (quotation marks and citation omitted). Adjournments may be granted due to unavailable evidence "only if the court finds that the evidence is material and that diligent efforts have been made to produce the witness or evidence." MCR 2.503(C)(2). Additionally, "[a] motion to adjourn a proceeding because of the unavailability of a witness or evidence must be made as soon as possible after ascertaining the facts." MCR 2.503(C)(1).

Here, respondent requested an adjournment of the hearing on the petition for mental health treatment on the basis that he was waiting to receive records from his military file. He believed these records were material to the matter at hand and would reveal that the government and the military doctored evidence to make it appear as though he was bipolar. Respondent asserted that the records would show that he suffered two injuries while on duty—once after enlisting in 2001, and again in either 2002 or 2004.[1] Respondent did not specify the nature of the first injury. The second injury was to his hip. Respondent further testified that he was discharged from the military in 2009.

Initially, our review of the record and the applicable court rule indicates that respondent failed to comply with MCR 2.503(C)(1), which requires that an adjournment requested on the basis

---

[1] Respondent first testified that the second injury occurred in 2004, and then testified that it occurred in 2002.

-2-

of unavailable evidence be made "as soon as possible after ascertaining the facts." The petition at issue in this case was respondent's fourth over the last three years. This is the first time that respondent has requested these records. Respondent provided no explanation to the probate court as to why he waited over three years to request the records, particularly if he believed that the records could prove that he did not suffer from a mental health disorder requiring involuntary treatment. Therefore, the record reflects that respondent did not move to adjourn proceedings "as soon as possible after ascertaining the facts." MCR 2.503(C)(1).

Further, MCR 2.503(C)(2) provides that an adjournment requested on the basis of unavailable evidence may be granted "only if the court finds that the evidence is material[.]" It is unclear what logical connection the requested records had to the instant case. Respondent did not testify that either of his active-duty injuries—the latter of which occurred a minimum of 19 years before the petition at issue here was filed—had any relation to his mental health. Respondent's mental health conditions were documented by multiple doctors in clinical certificates that were submitted along with each petition for involuntary mental health treatment. None of those certificates or clinical notes indicated that respondent's evaluating physicians relied on records prepared by the military or the Department of Veteran's Affairs (VA) to assess his mental health. In addition, there was no testimony indicating that the psychological evaluations performed on respondent, which led to his diagnosis, considered information directly provided by the military or the VA. It thus stands to reason that even if the military, the VA, or the federal government covered up an injury that respondent suffered while on active duty, no connection exists between those injuries and respondent's current need for mental health treatment. Thus, respondent has not demonstrated that the records are material to the instant matter in accordance with MCR 2.503(C)(2).

Respondent also argues that the probate court's denial of his request for an adjournment deprived him of his constitutional right to due process by denying him an opportunity to meaningfully prepare for the hearing. "Involuntary confinement for the treatment of mental illness is a massive curtailment of liberty." *Duckett v Solky*, 341 Mich App 706, 722; 991 NW2d 852 (2022) (quotation marks and citation omitted). However, "the procedures embodied in the Mental Health Code satisfy due process guarantees." *In re Jestila*, 345 Mich App 353, 356; ___ NW3d ___ (2023) (quotation marks and citation omitted). Nothing in the record suggests that the probate court failed to comply with the notice and service requirements set forth under MCR 5.734. Additionally, given that respondent was the subject of three earlier petitions for mental health treatment orders, he had ample time to request the records before the hearing held on the petition at issue. Ultimately, respondent has not put forth a meritorious claim that his due-process rights were violated.

Affirmed.

/s/ Michelle M. Rick
/s/ Kathleen Jansen
/s/ Anica Letica